Ronald A. Clifford (State Bar No. 246542)
E-Mail: RClifford@BlakeleyLLP.com
BLAKELEY LLP
18500 Von Karman Ave., Suite 530
Irvine, California 92612
Telephone: (949) 260-0611
Facsimile: (949) 260-0613

Clayton W. Davidson (*Pro Hac Vice Pending*)
E-Mail: CDavidson@mcneeslaw.com
MCNEES WALLACE & NURICK LLC
100 Pine Street – P.O. Box 1166
Harrisburg, PA 17108-1166
Telephone:  (717) 232-8000
Facsimile:  (717) 260-1678

Attorneys for Defendant Sphere Digital, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Bk. Case No.: 2:17-bk-10900-ER |
| BLUE GLOBAL, LLC, | Chapter  7 |
| Debtor. | Adv. Case No. 2:17-ap-01452-ER |
| | Judge:  Honorable Ernest M. Robles |
| TIMOTHY J. YOO, CHAPTER 7 TRUSTEE, | **ANSWER AND AFFIRMATIVE DEFENSES OF SPHERE DIGITAL, LLC** |
| Plaintiff, | |
| v. | |
| SPHERE DIGITAL, LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Sphere Digital, LLC, ("Defendant"), by and through its undersigned counsel, hereby files this Answer and Affirmative Defenses with Request for Jury Trial and in support thereof states the following:

## JURISDICTION AND PARTIES

1.      Denied.  The United States District Court for the Central District of California has

jurisdiction over this matter given Defendant's request for a jury trial.   Defendant only consents to the

United States Bankruptcy Court for the Central District of California to coordinate procedural matters

for this adversary proceeding.

2.      Admitted.

3.      Denied.  The United States District Court for the Central District of California has

jurisdiction over this matter given Defendant's request for a jury trial.   Defendant only consents to the

United States Bankruptcy Court for the Central District of California to coordinate procedural matters

for this adversary proceeding.

4.      Admitted.

## PARTIES

5.      Admitted.

6.      Admitted.

7.      Admitted.

## GENERAL ALLEGATIONS

8.      Admitted in part and Denied in part.  Defendant admits receiving the Transfers

referenced in Exhibit 1.  Defendant denies receiving the payments as stated and summarized in Exhibit

1.

9.      Denied.

10.     Admitted.

11.     Admitted.

12.     Denied.

## FIRST CLAIM FOR RELIEF

### [FOR AVOIDANCE OF PREFERENTIAL TRANSFERS – 11 U.S.C. § 547]

13.    Defendant incorporates herein by reference paragraphs 1 through 12 above.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Denied.  Defendant does not have sufficient facts at this point in time to admit or deny Debtor was insolvent.

18.    Denied.  Defendant does not have sufficient facts at this point in time to admit or deny the Transfers enabled Defendant to receive more than if Debtor filed for Chapter 7 bankruptcy protection.

19.    Admitted with clarification.  Defendant admits that a majority of the Transfers were made within 90 days prior to Debtor filing for bankruptcy protection.  Defendant reserves the right to investigate if any of the Transfers did not clear the Debtor's bank account within 90 days prior to Debtor filing for bankruptcy.

20.    Denied.  This is a legal conclusion and no response is required.

21.    Denied.

## SECOND CLAIM FOR RELIEF

### [FOR RECOVERY OF PROPERTY – 11 U.S.C. §§ 550 and 551]

22.    Defendant incorporates by reference paragraphs 1 through 21 above.

23.    Admitted.

24.    Denied.  This is a legal conclusion and no response is required.

25.    Denied.  This is a legal conclusion and no response is required.

26.    Denied.  This is a legal conclusion and no response is required.

## THIRD CLAIM FOR RELIEF

[FOR DISALLOWANCE OF CLAIM – 11 U.S.C. § 502(d)]

27.    Defendant incorporates by reference paragraphs 1 through 26 above.

28.    Denied.  This is a legal conclusion and no response is required.

29.    Denied.  This is a legal conclusion and no response is required.

30.    Denied.  This is a legal conclusion and no response is required.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant, Sphere Digital, LLC requests judgment entered in its favor and dismiss the Complaint with prejudice, award applicable costs to the Defendant along with such other relief that is just and proper.

### First Affirmative Defense

1.    The Transfers were intended by the parties to be a contemporaneous exchange for new value given and commensurate new value was given contemporaneously by Defendant to Debtor.

2.    Plaintiff may not avoid and/or recover the Transfers by virtue of the protections afforded Defendant under 11 U.S.C. §547(c)(1).

### Second Affirmative Defense

3.    The Transfers were incurred within the ordinary course of business of Debtor, made within the ordinary course of business between the parties and/or made in accordance with terms of similarly situated parties within Defendant's industry.

4.    Plaintiff may not avoid and/or recover the Transfers by virtue of the protections afforded Defendant under 11 U.S.C. §547(c)(2).

///

### Third Affirmative Defense

5.      Defendant provided goods and/or services to Debtor subsequent to each of the Transfers which constitute "new value" within the meaning of 11 U.S.C. §547(c)(4).

6.      Plaintiff may not avoid and/or recover the Transfers by virtue of any protections afforded Defendant under 11 U.S.C. §547(c)(4).

### DEMAND FOR JURY TRIAL

1.      Defendant hereby demands a trial by jury as to all issues alleged by Plaintiff in the Complaint. *Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (right to jury trial exists in preference action).

2.      Defendant has not appeared or otherwise participated in the above-referenced bankruptcy proceeding or in any other way submitted itself to the jurisdiction of the Bankruptcy Court.

3.      Pursuant to 28 U.S.C. § 157(e), Defendant does not consent to the Bankruptcy Court conducting a jury trial.

Dated:  October 26, 2017

                                    BLAKELEY LLP

                                    By: _____
                                        Ronald A. Clifford

                                    MCNEES WALLACE & NURICK LLC
                                    Clayton W. Davidson (Pro Hac Vice Pending)

                                    *Attorneys for Sphere Digital, LLC*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

18500 Von Karman Ave., Suite 530, Irvine, CA 92612.

A true and correct copy of the foregoing document entitled **Answer and Affirmative Defenses of Sphere Digital, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 26, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey S Kwong on behalf of Plaintiff TIMOTHY J. YOO, Chapter 7 Trustee: jsk@lnbyb.com; jsk@ecf.inforuptcy.com

Timothy Yoo (TR): tjytrustee@lnbyb.com; tyoo@ecf.epiqsystems.com; tjy@trustesolutions.net

United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On October 26, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Jeffrey S. Kwong, Esq.
Levene Neale Bender Yoo & Brill LLP
10250 Constellation Blvd., Ste. 1700
Los Angeles, CA 90067

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 26, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Overnight Mail
Honorable Ernest M. Robles
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1560
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 26, 2017 | Ronald A. Clifford | /s/ Ronald A. Clifford |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.